UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURN HOOKAH BAR, INC.,
et al.,

        Case No. 2:19-cv-11413

    Plaintiffs,

        HONORABLE STEPHEN J. MURPHY, III

v.

CITY OF SOUTHFIELD,
MICHIGAN,

    Defendant.
                                /

## ORDER LIFTING THE STAY

In the present civil rights action, Plaintiffs alleged that Defendant violated their due process, equal protection, and Fourth Amendment rights. ECF 1. Before Defendant answered or otherwise responded to the complaint, Judge Avern Cohn, to whom the case was previously assigned, entered a stipulated order that stayed the case until Judge Shelia Johnson of the 46th District Court in Southfield, Michigan ruled on Plaintiff Richard Mason's matter in *People of the City of Southfield v. Burn Hookah Bar, Inc.,* Case No. 19-S-00058. ECF 10, PgID 255. Judge Cohn issued the stay because the parties expressed that Judge Johnson's ruling involved an issue related to the present federal lawsuit. *Id.*

After the case was reassigned, the Court ordered the parties to file a joint status report to help the Court determine whether the stay should be lifted. ECF 11. In the joint status report, the parties stated they were unable to agree whether the stay should be lifted and also stated the 46th District Court trial against Burn

Hookah Bar was delayed until June 2, 2020, due to COVID-19 concerns. *Id*. at 260–61. The 46th District Court website also states that all pending jury trials are delayed until August 2020. *Court—District 46*, City of Southfield (June 30, 2020) https://www.cityofsouthfield.com/departments/46th-district-court.

Because of the delayed trial, concerns about judicial efficiency, and the Court's doubts about the effect of the state court case on the instant lawsuit, the Court referred the case to Mr. Patrick Seyferth for early mediation. ECF 13. The Court further directed Mr. Seyferth to recommend whether the stay should be lifted. *Id*. at 264.

The parties attended mediation with Mr. Seyferth but were unable to resolve the case. Mr. Seyferth later filed a mediator's report and recommended that the stay be lifted. Because quick resolution of the 46th District Court case is doubtful, the Court finds that it is the interest of justice and efficiency to accept Mr. Seyferth's recommendation. The Court will exercise its inherent authority to lift the stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort"). The Clerk of the Court shall therefore lift the stay and Defendant shall answer or otherwise respond to the Complaint.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court is directed to **LIFT** the stay.

**SO ORDERED**.

                                               s/Stephen J. Murphy, III
                                               STEPHEN J. MURPHY, III
                                               United States District Judge

Dated: August 21, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 21, 2020, by electronic and/or ordinary mail.

                                               s/David P. Parker
                                               Case Manager