UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURN HOOKAH BAR, INC.,
et al.,

        Plaintiffs,

v.

CITY OF SOUTHFIELD,
MICHIGAN,

        Defendant.

                            /

Case No. 2:19-cv-11413

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF
DEFAULT [21] AND DENYING DEFENDANT'S MOTION TO DISMISS [19]**

Plaintiffs alleged that Defendant violated their due process, equal protection, and Fourth Amendment rights. ECF 1. Before Defendant answered or otherwise responded to the complaint, Judge Avern Cohn, to whom the case was previously assigned, entered a stipulated order that stayed the case pending a state court ruling on a related matter. ECF 10. The case was then reassigned, 20-AO-003, and the Court lifted the stay. ECF 15. The parties took no action, and the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF 16. Plaintiff then moved for default. ECF 17. On the same day Plaintiff moved for default, but before the Clerk entered the default order, Defendant moved to dismiss the case. ECF 19. The Clerk then entered default. ECF 20. Defendant later moved to set aside default. ECF 21. The Court reviewed the briefing and finds that a hearing is

1

unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will grant the motion to set aside default and deny the motion to dismiss.

## BACKGROUND

Plaintiffs are a hookah bar and the hookah bar's present and former owners. ECF 1, PgID 3–4. Plaintiffs alleged that Defendant, the city, discriminated against them when it enforced a smoking ordinance. *See generally* ECF 1. Before Defendant answered or otherwise responded, the Court stayed the case to allow the Southfield District Court to rule on an issue regarding Plaintiff Mason's arrest. ECF 13, PgID 262. The Court issued the stay because both parties agreed that the issue pending in state court could impact the resolution of the present case. *Id.* After the Court lifted the stay, Plaintiffs moved for a default, and Defendant filed the two pending motions. ECF 17, 19, 21.

## LEGAL STANDARD

When it analyzes a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). If "a cause of action fails as a matter

2

of law, regardless of whether the plaintiff's factual allegations are true," the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Additionally, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The district court enjoys considerable latitude under the good cause shown standard of Rule 55(c) to grant a defendant relief from a default entry. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (cleaned up). In determining whether good cause exists to set aside an entry of default, the Court considers "whether (1) the default was willful, (2) set-aside would prejudice [a] plaintiff, and (3) the alleged defense was meritorious." *Id.* (quotations omitted).

## BACKGROUND

The Court will first address the motion to set aside default. After, the Court will discuss the motion to dismiss.

I.  Entry of Default

First, Defendant does not appear to be culpable for failing to timely answer Plaintiffs' complaint. "[T]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (quotation omitted). Defendant's representations do not show an intent to interrupt the proceedings or act in a reckless manner. *See id.* Neither party took any action in the case until the Court ordered Plaintiff to show cause. And only after the show cause order did Plaintiff move for

3

default and Defendant moved to dismiss the case. Thus, Defendant was not culpable in failing to answer the complaint.

Next, Defendant explains that after the Court lifted the stay it started preparing a motion to dismiss. ECF 21, PgID 358. Defendant also explained that its counsel sent an email requesting Plaintiffs' concurrence in its motion to dismiss within hours of the Court ordering Plaintiffs to show cause. *Id.*; *see also* ECF 21-4. Finally, Defendant claims that Plaintiffs filed their request for default before responding to the concurrence email. ECF 21, PgID 359; ECF 21-5, PgID 378 (Plaintiffs' counsel's response to Defense counsel stating that she submitted her default request and that she did not concur in Defendant's motion to dismiss). Plaintiff specifically acknowledged that the default request would "be obviated by any motion or answer [Defendant] file[d]." ECF 21-5, PgID 378.

But Plaintiffs responded differently to Defendant's motion to set aside the default: Plaintiffs asserted that they have been prejudiced because Defendant did not act on Plaintiffs' application for a smoking lounge license and because the Southfield Police Department searched the hookah bar for weapons after obtaining a warrant. ECF 24, PgID 442–43. The "prejudice," however, does not appear to have anything to do with the present case. Indeed, Plaintiffs acknowledge that the smoking lounge license delay relates to a state court case and not the present litigation. *Id.* And the Court does not see how the search warrant or the search of Plaintiffs' property relates to the present case in any way. In sum, Plaintiffs' allegations of prejudice do not hold water, and the prejudice prong favors vacating the default

4

Last, Defendant has meritorious defenses. "A defense is meritorious if 'there is some possibility that the outcome of the suit after a full trial will be contrary to the results achieved by the default.'" *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). "[T]he test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell*, 434 F.3d at 834 (citing *Williams*, 346 F.3d at 614).

To support the meritorious defense argument, Defendant cites the defenses it raised in the motion to dismiss. ECF 21. PgID 365. There, Defendant argued that Plaintiff Warren may not have standing, that Defendant never deprived Plaintiffs of due process because Plaintiffs had remedies available in state court, and that there was no equal protection violation because a corporate entity cannot be a target of discrimination. ECF 19, PgID 290–98. Defendant also argued that Plaintiffs' Fourth Amendment claim cannot stand because there was probable cause to enforce the smoking lounge ordinances against Plaintiff Burn Hookah. *Id.* at 299. Based on those assertions, the Court is satisfied that Defendant has raised meritorious defenses to Plaintiffs' claims.

Because Plaintiffs were not prejudiced and because Defendant has a meritorious defense and was not culpable, the Court will set aside the Clerk's entry of default.

5

II. Motion to Dismiss

Although Defendant has a right to have the default vacated, its motion to dismiss is not timely and must be denied. A defendant must serve a responsive pleading "within 21 days of being served with a complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant's responsive pleading was due on June 11, 2019. ECF 6. The Court stayed the case nine days after the deadline had passed. ECF 10. Once the Court lifted the stay, ECF 16, Defendant waited thirty-one days to serve a responsive pleading, ECF 19. As a result, the Court must deny the motion to dismiss as untimely.

Moreover, the Court cannot consider the motion to dismiss as a Rule 12(c) motion because "Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed." *Nat'l Bankers Tr. Corp. v. Peak Logistics LLC*, No. 12-2268, 2013 WL 3070843, at *3 (W.D. Tenn. June 17, 2013) (cleaned up). But "[t]he pleadings are not closed until [] [D]efendant has filed an answer." *Id.* Because Defendant has not answered the complaint, the Court cannot convert the motion to dismiss, and must deny it.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk's entry of default [20] is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [19] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant must **FILE** an answer to Plaintiffs' complaint by **May 12, 2021**.

**SO ORDERED**.

                                                s/Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: April 20, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 20, 2021, by electronic and/or ordinary mail.

                                                s/David P. Parker
                                                Case Manager