UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURN HOOKAH BAR, INC.,
et al.,

Plaintiffs,

v.

CITY OF SOUTHFIELD,

Defendant.
                                                          /

Case No. 2:19-cv-11413

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION [37]**

The Court denied Defendant City of Southfield's motion for judgment on the pleadings. ECF 35. The City then moved for reconsideration under local rule 7.1(h)(2). ECF 37. The Court has reviewed the motion and need not hold a hearing. E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Court will deny the motion.

**LEGAL STANDARD**

A party may move for reconsideration of a non-final order under Local Rule 7.1(h)(2). "Motions for reconsideration of non-final orders are disfavored," and the Court may be grant them only on limited grounds. E.D. Mich. L.R. 7.1(h)(2)(A)–(C). Subsection (A) requires a three-part showing: "The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. L.R. 7.1(h)(2)(A). And "[a] motion for reconsideration is 'not an opportunity to re-argue a case' [or] 'to raise [new] arguments which could, and should, have been made' earlier."

1

*Bills v. Klee*, No. 15-cv-11414, 2022 WL 447060, at *1 (E.D. Mich. Feb. 14, 2022) (second alteration in original) (quoting *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## DISCUSSION

The City moved for the Court to reconsider its order denying the motion for judgment on the pleadings based on two arguments. ECF 37, PgID 844. The City first argued that the Court erred by not addressing whether Plaintiff had standing. *Id.* at 850–52. The City next argued that despite the lack of *Monell* briefing, the Court should have granted the motion because Plaintiffs failed to plead a constitutional violation. *Id.* at 852–54. The Court will address each argument.

I. Standing

At its core, the City's first argument is that the Court should have analyzed the standing question, even if it were already assured that Plaintiff Warren had standing. But the argument does not follow the case law or practical procedures. A federal court must assure itself that it has subject-matter jurisdiction over a case. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1393 (3d ed. 2021). But the Court need not scrutinize standing if the Court is already assured subject-matter jurisdiction is present. *See id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). To be sure, Federal Rule of Civil Procedure 12(h)(3) requires only that the Court dismiss an action if "it determines at any time that it lacks subject-matter jurisdiction."

But even if the Court had analyzed the standing question, it would not have changed the outcome of the Court's decision. *See* E.D. Mich. L.R. 7.1(h)(2)(A). In the motion for judgment on the pleadings, the City offered two arguments for why Warren lacks standing. First, "because she was provided notice and an opportunity to be heard in all proceedings before she sold" the bar, and second, because "she cannot identify a property interest that exists after ownership of the business changed to [Defendant] Mason." ECF 31, PgID 599. But the arguments have two flaws.

For one, the City's arguments that Warren had "an opportunity to be heard in all proceedings," and that she could not "identify a property interest that exist[ed] after ownership of the business changed to . . . Mason" appeared to be substantive arguments against a due process violation. *Id.* They did not cut against Warren's standing to sue and were instead arguments about failure to state a claim. Thus, the City's arguments conflated Civil Rule 12(b)(1) with 12(c).

For another, Plaintiff did have standing based on the facts in the pleadings. Standing is established when three elements are met. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, a plaintiff must show that she "suffered an injury in fact," that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations removed). Second, the plaintiff must show that there is a "causal connection between the injury and the conduct complained of" that is "fairly traceable to the challenged action of the defendant." *Id.* (cleaned up). And third, "it must be likely, as opposed to

3

merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks and quotation removed).

Plaintiffs alleged that Warren suffered an actual financial injury caused by the City's disparate treatment of Warren by targeting her and her business on account of race and sex. ECF 1, PgID 24, 28–29, 31–32. Damages would therefore redress her financial injuries. *See Lambert v. Harman*, 517 F.3d 433, 437 (6th Cir. 2008) ("[Plaintiff's] actual financial injuries are sufficient to meet the injury-in-fact requirement.") (citation omitted). Thus, presuming as true all well-pleaded material allegations of the complaint and drawing all reasonable factual inferences in Warren's favor, she has established standing to bring her claims.

All told, the Court did not err when it did not address standing because it was apparent standing was established. The motion for reconsideration on the standing issue is denied.

II. Constitutional Violation

The City's second argument was that the Court erred by not granting the motion for judgment on the pleadings because the City alleged that there was no constitutional violation. But the City misconstrued both municipality liability law and the Court's order.

First, the City argued that "*Monell* analysis is not triggered if there is no constitutional violation." ECF 37, PgID 853. That claim is untrue. Rather, *Monell* is triggered when a municipality is sued for monetary damages. *See Meyers v. City of Cincinnati*, 14 F.3d 1115, 1116 (6th Cir. 1994) ("In *Monell*, the Supreme Court

4

established that § 1983 applies to municipalities and local governments. A municipality is not, however, liable for every misdeed of its employees and agents.") (citation omitted). Indeed, Plaintiffs could not sue the City for money damages absent the law of *Monell*. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 701 (1978) ("[M]unicipal bodies sued under § 1983 cannot be entitled to an absolute immunity, lest our decision that such bodies are subject to suit under § 1983 be drained of meaning.") (cleaned up). Simply put, the Court could not in good faith dismiss the case without the parties briefing the most important cases about municipality liability. And dismissing the case without *Monell* briefing would have been an impermissible jurisprudential shortcut.

Aside from that, the City cited multiple cases in its motion for reconsideration that discussed municipal liability in the context of *Monell*. ECF 37, PgID 852–54. But the City never argued in its motion for judgment on the pleadings that municipal liability cannot lie because *Monell*'s constitutional violation requirement was not satisfied. *See generally* ECF 31, PgID 600–08. The City is thus attempting "to raise new arguments which could, and should, have been made earlier." *Bills*, 2022 WL 447060, at *1 (cleaned up).

And second, the City argued that the Court's denial of its motion for judgment on the pleadings will "force [the City] into extensive discovery." ECF 37, PgID 850. But nothing is preventing the City from filing another motion for judgment on the pleadings that fully briefs *Monell* and subsequent cases. The Court denied the motion "in the first instance." ECF 35, PgID 830.

5

In sum, the Court did not err in denying the City's motion despite the City's argument that Plaintiffs failed to plead a constitutional violation because the parties did not brief the cases that provide for municipality liability in the first place. The Court will therefore deny the City's motion for reconsideration on the *Monell* issue.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for reconsideration [37] is **DENIED**.

**SO ORDERED.**

> s/ Stephen J. Murphy, III
> STEPHEN J. MURPHY, III
> United States District Judge

Dated: March 10, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2022, by electronic and/or ordinary mail.

> s/ David P. Parker
> Case Manager