UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURN HOOKAH BAR, INC.,
et al.,

            Plaintiffs,

v.

CITY OF SOUTHFIELD,

            Defendant.

                                                    /

Case No. 2:19-cv-11413

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Plaintiffs Burn Hookah Bar, Anniece Warren, and Richard Mason filed the present 42 U.S.C. § 1983 action against the City of Southfield, Michigan. ECF 1. Plaintiffs alleged that the City violated their due process, equal protection, and Fourth Amendment rights. *Id.* at 28–34. The City moved for summary judgment after the close of discovery, ECF 63, and the Court granted summary judgment to the City in part and ordered supplemental briefing on the Fourth Amendment claim, ECF 71. The parties timely filed supplemental briefs. ECF 72; 73. Also pending before the Court is a fully briefed motion for sanctions and a fully briefed motion to rescind the Court's discovery master referral order. ECF 61; 62; 64; 65; 67; 68. For the reasons below, the Court will grant summary judgment on the remaining Fourth Amendment

1

claim, grant the motion for sanctions, and deny as moot the motion to rescind the discovery master appointment.[1]

## BACKGROUND

In the interest of judicial economy, the Court will incorporate the background section from its prior opinion and order, ECF 71, PgID 2975–78.

## DISCUSSION

I. <u>Remaining Fourth Amendment Claim</u>

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

---

[1] Based on the briefing of the parties, the Court will resolve the motions on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

Plaintiffs argued that "the City did not have probable cause to arrest Mason," so "his arrest violated the Fourth Amendment." ECF 69, PgID 2769. The Court ordered the parties to submit "supplemental briefing on whether collateral estoppel applies to Plaintiffs' Fourth Amendment claim and requires that the claim be dismissed" because "the issue of whether the City violated Plaintiff Mason's Fourth Amendment rights has already been decided by the State court." ECF 71, PgID 2994 (citation omitted). After reviewing the supplemental briefs, ECF 72; 73, the Court finds that collateral estoppel does not apply because the judgment in the State court is not yet final.

Regardless of whether the issue of a Fourth Amendment violation has "been actually litigated and determined," or whether "the same parties . . . had a full [and fair] opportunity to litigate the issue," *id.* at 682–83, the judgment in the State case is not final because it is on appeal. ECF 72-5. "A decision is final when all appeals have been exhausted or when the time available for an appeal has passed." *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, 715–16 (2014) (quotation omitted). Consequently, collateral estoppel does not apply. The Court will therefore proceed to the merits of Plaintiffs' final *Monell* claim.

The City claimed that Plaintiffs failed to "show that [a] policy was the moving force behind the alleged constitutional violations." ECF 63, PgID 2043, 2050–51 (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S.C. 658, 690–92 (1978)). In response, Plaintiffs claimed that the evidence "shows that the actions taken by officials with final decision-making authority were not to enforce the ordinance against all owners of Burn and its owners equally." ECF 69, PgID 2756.

"To prevail on [a] § 1983 Monell claim[] against [a municipality] . . . , [P]laintiffs must show (1) that they suffered a constitutional violation and (2) that a municipal policy or custom directly caused the violation." *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S.C. at 690). "There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The four avenues are: "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Id.*

Like their due process claims, Plaintiffs failed to explain what "policy or custom" by the City caused Plaintiff Mason harm. *Id.*; *see* ECF 71, PgID 2983–84. Indeed, Plaintiffs argued only that the City committed a constitutional violation when it arrested Plaintiff Mason. ECF 69, PgID 2767–69. Their brief contained no analysis on which of the "four avenues . . . to prove the existence of a municipality's illegal policy or custom" the City is alleged to have taken. *Id.* at 2755 (quoting

4

*Thomas*, 398 F.3d at 429). Indeed, after reviewing the pleadings, briefing, and evidence, the Court is left to guess whether any or which official with "final decision-making authority" participated in or ordered Plaintiff Mason's arrest, whether the City had "a policy of inadequate training or supervision" that impacted the arrest, or whether some "custom of tolerance or acquiescence of federal rights violations" permeated the City's workforce. *Thomas*, 398 F.3d at 429 (collecting cases). And Plaintiffs never tried to show that an official "whose acts or edicts may fairly be said to represent official policy" caused the allegedly unlawful arrest. *Monell*, 436 U.S. at 694; *see* ECF 69, PgID 2755–57, 2767–69. Thus, the City's argument that Plaintiffs cannot show that it is liable under *Monell*'s second prong—unlawful policy or custom—went unanswered by Plaintiffs. *See Monell*, 436 U.S. at 694. The Court will therefore grant the City's motion for summary judgment on the Fourth Amendment claim. The final claim is dismissed.

II. <u>Sanctions</u>

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). And "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The City argued that Plaintiffs failed "obey a discovery order" under Rule 37(b)(2). ECF 61, PgID 1414–15. Specifically, the City claimed that Plaintiffs violated

5

the stipulated order compelling their responses to the City's first set of interrogatories and requests for production. *Id.* at 1414 (citing ECF 53). In the stipulation, Plaintiffs agreed to provide amended responses to interrogatory numbers four, six, seven, eight, and nine. ECF 53, PgID 1329–30; *see* ECF 45-2, PgID 945–47. They also needed to "double check and either: (a) confirm that they do not have additional responsive documents within their possession, custody[,] or control or (b) produce any additional responsive documents" in response to request to produce number five. ECF 53, PgID 1330; *see* ECF 45-2, PgID 949. And Plaintiffs had to comply no later than "October 27, 2022." ECF 53, PgID 1329.

Plaintiffs claimed that they complied with the stipulated order. ECF 65, PgID 2235–36. But they offered no evidence to confirm that they did so. *See* ECF 65; 65-1 (index of exhibits). For its part, the City pointed out that Plaintiffs Warren and Mason both appeared for their depositions with new documents responsive to the discovery requests. ECF 68, PgID 2738–39. But the depositions took place at the end of discovery. ECF 61, PgID 1403, 1407–11; ECF 59, PgID 1389 ("Discovery Deadline: January 11, 2023."); ECF 61-10 (Warren deposition on January 10, 2023); ECF 61-11 (Mason deposition on January 11, 2023). And although the documents existed and were discoverable well before the depositions, Plaintiffs failed to disclose the information earlier. *See* ECF 61-10, PgID 1530, 1601–02; ECF 61-11, PgID 1853–59.

Simply put, Plaintiffs provided no satisfactory reason for why they failed to produce the documents disclosed at their depositions by the stipulated deadline of October 27, 2022. *See Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 500 (N.D. Ohio

6

2013) ("The burden to prove that the failure to comply with discovery obligations was the result of inability and not due to willfulness, bad faith or fault rests with the sanctioned party.") (citation omitted). Plaintiff Warren testified at her deposition that she found the documents—which were "hundreds of pages"—after she "dug through a pile" that was "sitting over off to the side" in her basement, and after she searched through "an email that [she didn't] use as often." ECF 61-10, PgID 1529–30, 1601–03. Yet Plaintiffs offered no reason why those documents could not have been found by the stipulated deadline three months earlier through a diligent search for records. *See* ECF 65, PgID 2238. Moreover, Plaintiff Mason testified at his deposition that he printed documentation related to his economic losses and he "thought [he] did" provide the documents to his attorney. ECF 61-11, PgID 1853, 1855. But his attorney stated "on the record [that she] did not receive anything like that from [Plaintiff Mason]." *Id.* at 1853. It is unclear, therefore, whether counsel received the documents by the stipulated deadline. At a minimum, Plaintiff Mason knew that the documents existed and could have had them produced to the City well before the deposition, which occurred the day discovery ended. ECF 61-11, PgID 1853–55. Yet Plaintiffs failed to justify the dilatory disclosures apart from the fact that "[Plaintiff] Mason could not recall what he did with the documentation." ECF 65, PgID 2240.

The Court finds that Plaintiffs failed to obey a discovery order. ECF 53. Sanctions are therefore warranted under Rule 37(b)(2). Plaintiffs lodged no reason for why "the failure was substantially justified" or why sanctions would be otherwise "unjust," so the Court will order Plaintiffs to compensate the City for the reasonable

7

costs and fees it incurred in bringing the sanctions motion, ECF 61. Fed. R. Civ. P. 37(b)(2)(C). No further sanctions will be ordered because the Court has already dismissed all claims on the merits; the relief requested by the City relating to Plaintiffs' claims and damages is thus moot. *See* ECF 61, PgID 1421.

III. <u>Discovery Master Referral</u>

The City moved for the Court to rescind the order appointing a discovery master. ECF 62. Alternatively, the City argued that "[i]f the Court is inclined to keep the discovery master," the Court should "order [] Plaintiffs solely liable for the cost of the discovery master" and order "Plaintiffs to pay the full cost of the discovery master for purposes of the [City's] motion for sanctions," ECF 61. ECF 62, PgID 2014. Because the Court has resolved the remaining claim and the City's motion for sanctions, the discovery master's appointment is complete. The request by the City to rescind the discovery master appointment is therefore denied as moot.

## CONCLUSION

The Court will grant summary judgment to the City on the remaining claim: the City's alleged violation of Plaintiff Mason's Fourth Amendment rights. Because no claims remain, the Court will dismiss the case with prejudice. Next, the Court will grant the motion for sanctions. Jointly and severally, Plaintiffs must compensate the City for the reasonable costs and fees it incurred in bringing the sanctions motion, ECF 61. No later than June 23, 2023, the City must file a sworn bill of detailed costs, including reasonable expenses and fees incurred, and hours spent in preparing the

motion for sanctions.[2] Plaintiffs may file any objection to the reasonableness of the requested costs incurred or time expended no later than June 30, 2023. Last, the motion to rescind the order appointing a discovery master is denied as moot.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that summary judgment on the remaining Fourth Amendment claim is **GRANTED** to the City.

**IT IS FURTHER ORDERED** that the motion for sanctions [61] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs must jointly and severally **COMPENSATE** the City for the reasonable costs and fees it incurred in bringing the sanctions motion [61]. The City must **FILE** a sworn bill of detailed costs, including reasonable expenses and fees incurred in and hours spent on preparing the motion for sanctions **no later than June 23, 2023**. Plaintiffs may **FILE** any objection to the reasonableness of the requested expenses, fees, or time expended **no later than June 30, 2023**.

**IT IS FURTHER ORDERED** that the motion to rescind the discovery master referral order [62] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH**

---

[2] The City must specifically detail the tasks completed during the time expended and should avoid broad block-billing. The City should also provide a brief explanation to support the reasonableness of the attorney hourly rate and costs requested.

9

**PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: June 8, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 8, 2023, by electronic and/or ordinary mail.

s/ Richard Loury<br>
Case Manager